Benjamin K. Lunch, State Bar No. 246015
Xudong (Brian) Fan, State Bar No. 342024
NEYHART, ANDERSON, FLYNN & GROSBOLL
369 Pine Street, Suite 800
San Francisco, CA  94104
Tel.    (415) 677-9440
Fax    (415) 677-9445
Email:  blunch@neyhartlaw.com
              bfan@neyhartlaw.com

**Attorneys for Petitioner**
Local Union 342 of the United Association of Journeyman and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| LOCAL UNION 342 OF THE UNITED ASSOCIATION OF JOURNEYMAN & APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA,<br><br>Petitioner,<br><br>v.<br><br>R E MILANO PLUMBING CORPORATION,<br><br>Respondent. | Case No. 3:23-cv-04646-VC<br><br>**PLAINTIFFS' NOTICE OF MOTON & MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint Filed: September 11, 2023<br><br>Date: March 7, 2024<br>Time: 10:00 A.M.<br>Judge: Hon. Vince Chhabria<br>Location: Courtroom 04, 17th Floor |

## NOTICE OF MOTION & MOTION

PLEASE TAKE NOTICE that Petitioner LOCAL UNION 342 OF THE UNITED ASSOCIATION OF JOURNEYMAN & APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA ("Plaintiffs" or "Union") move this Court to order Respondent R E MILANO PLUMBING CORPORATION ("Milano") to fully and completely comply with the Joint Conference Board ("JCB") Award Dated April 25, 2023 ("Award") and pay to Petitioner the amount of $23,610.00. This Motion is supported by the

Memorandum of Points and Authorities ("MPA"), as well as the Declarations of Tim Knight filed herewith, and the entire file in this action. The Court set the hearing for March 7, 2024 at 10:00 A.M., which is to be held in San Francisco, Courtroom 04, 17th Floor, or according to the Clerk's notice of hearing if a different means of attendance is required.

Together, the MPA, declarations, and file show that the following material facts are not genuinely disputed or can be genuinely disputed: (1) Milano has been bound to a Collective Bargaining Agreement ("CBA") during the relevant period of time, (2) the JCB has issued an Award against Milano in the amount of $23,610.00, and (3) Milano has refused to comply with the Award.

Dated: January 25, 2024

Respectfully submitted,
Neyhart, Anderson, Flynn & Grosboll APC

By: ____/s/ Xudong (Brian) Fan_____
    Benjamin K. Lunch, Esq.
    Xudong (Brian) Fan, Esq.

Benjamin K. Lunch, State Bar No. 246015
Xudong (Brian) Fan, State Bar No. 342024
NEYHART, ANDERSON, FLYNN & GROSBOLL
369 Pine Street, Suite 800
San Francisco, CA  94104
Tel.     (415) 677-9440
Fax     (415) 677-9445
Email:  blunch@neyhartlaw.com
            bfan@neyhartlaw.com

**Attorneys for Petitioner**
Local Union 342 of the United Association of Journeyman and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| LOCAL UNION 342 OF THE UNITED ASSOCIATION OF JOURNEYMAN & APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA,<br><br>Petitioner,<br>v.<br><br>R E MILANO PLUMBING CORPORATION,<br><br>Respondent. | Case No. 3:23-cv-04646-VC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint Filed: September 11, 2023<br><br>Date: March 7, 2024<br>Time: 10:00 A.M.<br>Judge: Hon. Vince Chhabria<br>Location: Courtroom 04, 17th Floor |

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................1

II.  STATEMENT OF FACTS ...................................................................................1

    1.   *The Parties* ...............................................................................................1

    2.   *Milano is Signatory to the MLA* ..............................................................2

    3.   *Grievances and Scheduling of JCB Hearing* ...........................................2

    4.   *JCB Hearing and Award* ..........................................................................3

III. STANDARD OF REVIEW ..................................................................................3

IV.  ARGUMENT ........................................................................................................4

    1.   *Federal Courts Have Jurisdiction to Specifically Confirm Labor Arbitration Awards* ...............................................................4

    2.   *Joint Panel Awards are Treated as Labor Arbitration Awards and Entitled to Substantial Deference* ...........................................4

    3.   *Milano's Request for Indefinite Postponement of a Hearing is Not Grounds for Vacatur of a JCB Award* ...........................................5

    4.   *Milano's Bad Faith Refusal to Comply with JCB Award Supports an Award of Attorney Fees* ...........................................................6

V.   CONCLUSION .....................................................................................................7

# TABLE OF AUTHORITIES

**SUPREME COURT CASES**

Alyeska Pipeline Serv. Co. v. Wilderness Soc'y
421 U.S. 240 (1975)..................................................................................................7

General Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss & Co.
372 U.S. 517 (1963)..................................................................................................4

Major League Baseball Players Assn v. Garvey
532 U.S. 504 (2001)..................................................................................................4

United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.
484 U.S. 29 (1987)....................................................................................................1

United Steelworkers of America v. America Mfg. Co.
363 U.S. 564 (1960)..................................................................................................4

United Steelworkers of America v. Enterprise Wheel & Car Corp.
363 U.S. 593 (1960)..................................................................................................4

United Steelworkers of America v. Warrior and Gulf Navigation Co.
363 U.S. 574 (1960)..................................................................................................4

W.R. Grace & Co. v. Local Union 759, Int'l Union of the United Rubber
Cork, Linoleum & Plastic Workers of Am.
461 U.S. 757 (1983)..................................................................................................1

**CIRCUIT COURT CASES**

Pacific Maritime Ass'n v. International Longshoremen's and Warehousemen's Union
304 F.Supp. 1315 (1969)..........................................................................................4

Painters Local Union # 171, Int'l Bhd. of Painters & Allied Trades v. Williams & Kelly, Inc.
605 F.2d 535 (10th Cir.1979)...................................................................................5

Sheet Metal Workers Intern. Ass'n Local No. 162 v. Jason Mfg., Inc.
900 F.2d 1392 (9th Cir. 1990)...............................................................................5, 6

Sheet Metal Workers Intern. Ass'n Local Union No. 420 v. Kinney Air Conditioning Co.
756 F.2d 742 (9th Cir. 1985)................................................................................1, 4

iii
Petitioner's Memorandum of Points and Authorities in Support of MSJ

Neyhart, Anderson, Flynn & Grosboll
Attorneys at Law

Sheet Metal Workers' Intern. Association Local Union No. 359 v.
Madison Industries, Inc. of Arizona
84 F.3d 1186 (9th Cir. 1996)......................................................................................1, 7

Sprewell v. Golden State Warriors
266 F.3d 979 (9th Cir. 2001)............................................................................................5

Stead Motors of Walnut Creek v. Automotive Machinists Lodge No. 1173
886 F.2d 1200 (9th Cir.1989)...........................................................................................4

**DISTRICT COURT CASES**

Grimmway Enters., Inc. v. PIC Fresh Global, Inc.
548 F.Supp.2d 840 (E.D. Cal. 2008)................................................................................3

**STATUTES**

Fed. Rul. Civ. Proc. 56(a)................................................................................................3

Labor Management Relations Act Section 301......................................................1, 4, 5

National Labor Relations Act Section 8(f).......................................................................2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This is an action by Petitioner Local Union 342 of the United Association of Journeyman & apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada ("Local 342" or the "Union") under Section 301 of the labor Management Relations Act ("LMRA") against Respondent R E Milano Plumbing Corporation ("Milano") for its failure to comply with a final and binding Joint Conference Board ("JCB") award rendered under the Master Labor Agreement ("MLA"). The JCB issued an award on April 25, 2023 ("Award") in response to two grievances submitted by Local 342 for Milano's use of non-bargaining unit employees to perform work in violation of the MLA. Labor arbitration awards are entitled to extraordinary deference. W.R. Grace & Co. v. Local Union 759, Int'l Union of the United Rubber, Cork, Linoleum & Plastic Workers of Am., 461 U.S. 757, 765 (1983); United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38, 41 (1987). "Joint panel awards are entitled to the same degree of deference as those entered by arbitrators." Sheet Metal Workers Intern. Ass'n Local Union No. 420 v. Kinney Air Conditioning Co., 756 F.2d 742, 744 (9th Cir. 1985). Therefore, Petitioner seeks an order compelling Milano to adhere to the JCB Award and pay to Local 342 the amount of $23,610.00. Milano's refusal to comply with the Award is groundless and an employer's refusal to honor a labor arbitrator's award in bad faith supports an award of attorney fees. Sheet Metal Workers' Intern. Association Local Union No. 359 v. Madison Industries, Inc. of Arizona, 84 F.3d 1186, 1192 (9th Cir. 1996). Thus, Petitioner also seek an order awarding attorney fees against Milano.

## II.  STATEMENT OF FACTS

1. *The Parties*

Petitioner Local Union 342 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada is a labor organization which maintains its principal office in Concord, California. (Declaration of Tim Knight ("Knight

DCN"), ¶ 3). Respondent R E Milano Plumbing Corporation is a California corporation with a principal place of business in Martinez, California. (Id.).

### 2. *Milano is Signatory to the MLA*

R E Milano Plumbing Corporation is signatory to the Master Labor Agreement ("MLA") between Local 342 and Northern California Mechanical Contractors Association and UMIC, Inc.-Industrial Contractors. (Dkt. No. 1, Ex. C; Knight DCN, ¶ 4). Under the National Labor Relations Act Section 8(f), employers who are engaged in the building and construction industry are permitted to sign an agreement covering employees who are members of a labor organization, and such employers are bound to that agreement. The MLA includes a grievance and dispute resolution procedure by which grievances by any party are decided by a six-member Joint Conference Board of which three members each are selected by the Union and the Employer Associations. (Knight DCN, ¶ 4).

### 3. *Grievances and Scheduling of JCB Hearing*

On or about February 21, 2023, Local 342 filed two grievances requesting wage and benefits for three journeymen, one apprentice, and one foreman, based on video evidence of the work performed by non-bargaining unit workers. (Dkt. No. 1, Ex. A). Robert Romeo ("Mr. Romeo") is the employer representative and/or owner of Milano. (Dkt. No. 11-1, Declaration of Robert Romeo, ¶ 2). Mr. Romeo was notified of the two grievances submitted against it and refused any attempts at correspondence to settle the matter. (Knight DCN, ¶ 6). On or about March 21, 2023, the Union and the Employer Association counterparts proposed dates via email for the JCB hearing. (Id., ¶ 7). Mr. Romeo was cc'ed on each of the correspondence. (Id.). The hearing was set for April 25, 2023. (Id.). On March 22, 2023, Mr. Romeo indicated via email that he would not be available until September 2023. (Id., ¶ 8). Mr. Romeo did not propose any alternative date or explain why he would not be available for nearly six months. (Id.). The correspondence also included an email from Richard Hill ("Mr. Hill"), an attorney, who wrote that he did not know if he would be representing Milano at the JCB hearing. (Knight DCN, ¶ 9). Despite Mr. Romeo being included in Mr. Hill's correspondence, Mr. Romeo did not confirm

whether it would be himself or some other party that would be representing Milano at the JCB hearing. (Knight DCN, ¶ 9.). Mr. Hill later indicated that he would not be representing Milano at the JCB hearing. (Id.).

    4.    *JCB Hearing and Award*

On April 25, 2023, the JCB convened for a hearing on the two grievances and Tim Knight, a Business Representative for Local 342, appeared on behalf of Local 342. (Knight DCN, ¶ 10). No one appeared on behalf of Milano. (Id., ¶ 11). The JCB issued the Award on the same day, which provided that Milano pay Local 342 wages and benefits for 40 hours each for three journeymen, one apprentice, and one foreman, with the total calculated amount of $23,610.00. (Knight DCN, ¶ 12). Milano was notified of this Award several times, including via a letter by Local 342 on June 28, 2023. (Id., ¶ 13). Milano consistently refused to comply with the Award and thus Petitioners filed this case. (Id.).

### III.    STANDARD OF REVIEW

Summary judgment shall be granted when, viewing the evidence in the light most favorable to the non-moving party, the court determines no genuine issues of material fact exist for trial. FRCP 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Where Petitioner is the moving party seeking summary judgment, the burden is to (1) demonstrate affirmatively, by admissible evidence, that there is no genuine dispute of material fact as to each element of its claim for relief, entitling it to judgment as a matter of law; and (2) demonstrate the lack of any genuine dispute of material fact as to affirmative defenses asserted by defendant, by simply pointing out the absence of evidence from the defendant. Grimmway Enters., Inc. v. PIC Fresh Global, Inc., 548 F.Supp.2d 840, 845 (E.D. Cal. 2008).

//
//
//

## IV. ARGUMENT

1. *Federal Courts Have Jurisdiction to Specifically Confirm Labor Arbitration Awards*

Federal caselaw has consistently held that Section 301 of the LMRA gives federal courts jurisdiction to specifically enforce agreements to arbitrate and to confirm resulting awards. Pacific Maritime Ass'n v. International Longshoremen's and Warehousemen's Union, 304 F.Supp. 1315, 1316 (1969) (see also United Steelworkers of America v. America Mfg. Co., 363 U.S. 564 (1960); United Steelworkers of America v. Warrior and Gulf Navigation Co., 363 U.S. 574 (1960); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960) (the "Steelworkers Trilogy")). Section 301 of the LMRA also provides jurisdiction to federal courts to enforce those awards made via "the parties' chosen instrument for the definitive settlement of grievances under the Agreement[.]" General Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss & Co., 372 U.S. 517, 519 (1963). In their Answer, Respondent does not contest the jurisdiction of this Court to confirm the JCB Award.

2. *Joint Panel Awards are Treated as Labor Arbitration Awards and Entitled to Substantial Deference*

"Joint panel awards are entitled to the same degree of deference as those entered by arbitrators." Sheet Metal Workers Intern. Ass'n Local Union No. 420 v. Kinney Air Conditioning Co., 756 F.2d 742, 744 (9th Cir. 1985). Federal caselaw is also clear that any judicial review of labor arbitration awards is extremely limited; the arbitrator's decision is entitled to a "nearly unparalleled degree of deference." Stead Motors of Walnut Creek v. Automotive Machinists Lodge No. 1173, 886 F.2d 1200, 1205 (9th Cir.1989). "Courts are strictly barred from engaging in fact-finding when they review labor arbitration awards." Id. at 1217 (see also Kinney Air Conditioning Co., 756 F.2d at 744 (stating that "[a]rbitration awards made pursuant to a collective bargaining agreement are entitled to considerable deference from the courts."). Respondent admits that the JCB made a factual determination that "Milano had not requested a continuance of the JCB hearing." (Dkt. No. 11, p. 3). A court must not reject the arbitrator's

factual findings. <u>Major League Baseball Players Assn v. Garvey</u>, U.S. 504, 509 (2001) ("When an arbitrator resolves disputes, regarding the application of a contract, and no dishonesty is alleged, the arbitrator's 'improvident, even silly, factfinding' does not provide a basis for a reviewing court to refuse to enforce the award."). Thus, this Court should decline Respondent's invitation to second-guess the JCB's findings of fact.

      3.    *Milano's Request for Indefinite Postponement of a Hearing is Not Grounds for Vacatur of a JCB Award*

The Ninth Circuit has articulated four instances in which a labor arbitration award may be vacated by the courts: "(1) when the award does not draw its essence from the collective bargaining agreement; (2) when the arbitrator exceeds the scope of the issues submitted; (3) when the award runs counter to public policy; and (4) when the award is procured by fraud." <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 986 (9th Cir. 2001). No application has been made under Section 301 of the LMRA to vacate, modify, or correct the Award, and no grounds exist for doing so. Respondent's pleadings instead suggest a defense based on a claim that a continuance of the grievance hearings was not provided. Such a defense is not a ground for vacatur of a labor arbitration award. "[A]n arbitration award is not defective merely because a party exercises his prerogative not to attend the hearings." <u>Painters Local 171 v. Williams & Kelly</u>, 605 F.2d 535, 538 (10th Cir. 1979).

Even if this Court considers Milano's claim that postponement of the hearing was required, Respondent made no credible request for postponement or offer an alternative hearing date. The Union and its employer association counterparts emailed on March 21, 2023, proposing possible dates for a Joint Conference Board (JCB) meeting. Mr. Romeo wrote on March 22, 2023 "I am not available until September 2023." (Knight DCN, ¶ 8, Ex. D, p. 2). A blanket assertion of nonavailability that would result in a six-month delay for a grievance committee meeting, without explanation, is simply unreasonable.

Furthermore, "[a] party to an arbitration proceeding conducted pursuant to a collective bargaining agreement ... is not entitled to a postponement merely by requesting one." <u>Sheet Metal</u>

Neyhart, Anderson, Flynn & Grosboll
Attorneys at Law

Workers Intern. Ass'n, Local No. 162 v. Jason Mfg., Inc., 900 F.2d 1392, 1398 (9th Cir. 1990) (citing Painters Local Union # 171, Int'l Bhd. of Painters & Allied Trades v. Williams & Kelly, Inc., 605 F.2d 535, 538 (10th Cir.1979)). A party must have good cause for requesting a continuance. Id. Non-participation by a party in a hearing is not grounds for vacatur of an arbitration decision. Jason Mfg., Inc. at 1398.

It is also unclear whether Milano intended to be represented by counsel or some other individual at the hearing. Mr. Hill stated "I don't know if I will be representing Milano at this hearing. If so, we need to find another date because I have a mediation on the 25th that I cannot move." (Knight DCN, ¶ 9, Ex. E). Mr. Romeo never confirmed whether Mr. Hill would be representing Milano at the hearing. (Knight DCN, ¶ 10). On April 23, 2023, Mr. Hill indicated via email that he understood that Milano would be handling the JCB hearing without his participation. (Knight DCN, ¶ 9, Ex. F). Milano could have appointed any representative to attend the hearing, and there is no requirement that the parties are represented by counsel. In fact, no attorneys were present for Local 342 at the hearing. (Knight DCN, ¶ 12, Ex. G). Thereafter, Mr. Romeo declined via email the April 25th hearing date without any explanation or correspondence to arrange for an alternative date. (Dkt. No. 11-1, Ex. E, G). Petitioner received no further correspondence until the morning of the hearing, at which point Mr. Romeo repeated that he was unavailable for the hearing, again without providing any explanation for his unavailability. (Knight DCN, ¶ 8, Ex. D). Even if the Court understands Mr. Romeo's email correspondence as a request for continuance, Respondent has not asserted any cause (much less good cause) for his nonattendance of the hearing.

    4.    *Milano's Bad Faith Refusal to Comply with JCB Award Supports an Award of Attorney Fees*

The Ninth Circuit upheld a lower court's finding of bad faith when an employer simply refused to honor an arbitration award rather than immediately filing a petition to vacate it, and only contested the award after the union's petition to confirm. Sheet Metal Workers' Intern. Association Local Union No. 359 v. Madison Industries, Inc. of Arizona, 84 F.3d 1186, 1192 (9th

Cir. 1996). In this case, Milano refused to comply with the Award and the Union was forced to file a petition to confirm. (Knight DCN, ¶ 13). Milano's Response to Petition to Confirm Joint Conference Board Award raises the sole argument that it was not granted a protracted extension as to the hearing, but cites to no federal caselaw, and thus raises no meritorious grounds for vacatur. (Dkt. No. 11). A court may award fees if it finds that the losing party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Madison Industries, Inc. of Arizona, 84 F.3d at 1192 (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975)). Here, Milano intended to indefinitely avoid compliance with the Award unless Petitioner brought this action, and thus an award of attorney fees to Petitioner is appropriate.

## V.  CONCLUSION

Based on the foregoing, Petitioner respectfully requests that this Court grant Petitioner's Summary Judgment Motion and order Respondent to fully and completely comply with the JCB Award and reimburse Petitioner for its attorney fees.

Dated: January 25, 2024            Respectfully submitted,
                                   Neyhart, Anderson, Flynn & Grosboll APC

                                   By: ____/s/Xudong (Brian) Fan_____
                                       Benjamin K. Lunch, Esq.
                                       Xudong (Brian) Fan, Esq.
                                       Attorneys for Local Union 342 of the United
                                       Association of Journeyman and Apprentices of the
                                       Plumbing and Pipe Fitting Industry of the United
                                       States and Canada