UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCAL UNION 342 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA,<br><br>  Plaintiff,<br><br>    v.<br><br>R E MILANO PLUMBING CORPORATION,<br><br>  Defendant. | Case No.  23-cv-04646-VC<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND AWARDING ATTORNEYS' FEES**<br><br>Re: Dkt. No. 23 |

    The union's motion for summary judgment is granted, as is the union's request for attorneys' fees based on Milano's bad faith. This ruling assumes the reader is familiar with the facts, the arguments made by both parties, and the applicable legal standards.

    There is no basis for vacating the joint conference board (JCB) award. *See Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001). Milano argues that the JCB exceeded the scope of its authority by failing to continue the hearing. But the JCB concluded that Milano had not requested a continuance. Dkt. No. 23-8 at 2. And the JCB's conclusions are entitled to a great amount of deference, especially its findings of fact. *See Stead Motors of Walnut Creek v. Automotive Machinists Lodge No. 1173*, 886 F.2d 1200, 1202–10 (9th Cir. 1989). Even looking at the underlying record, the JCB's conclusion that Milano never requested a continuance is reasonable. After Milano's owner was informed about a hearing date of April 25, he responded only that he was not personally available until September. He did not explain why he was

unavailable, offer an alternative date, offer to send a representative, or otherwise engage in the scheduling process. His only other communication was on the morning of the hearing, when he declined the meeting invite and said that he could not attend. A representative for Milano was also copied on the initial scheduling exchange—he replied that he did not know if he would be representing Milano at the hearing but that the date did not work for him, and he later followed up to say he would not be Milano's representative. Thus, the JCB's conclusion that there was no request for a continuance is reasonable.[1]

Moreover, even if Milano had made a request for a continuance, a party is "not entitled to a postponement merely by requesting one." *Sheet Metal Workers International Association, Local No. 162 v. Jason Manufacturing, Inc.*, 900 F.2d 1392, 1398 (9th Cir. 1990). Rather, "a party must have good cause for requesting a continuance." *Id.* Milano did not communicate any reason that a delay was needed, let alone a good one. After the hearing, Milano's owner said that his presence had been required at a business meeting in Alaska. To the extent this is meant to suggest that there was no day between April and September that Milano's owner could fly to California for a hearing, that is simply not credible. And even if Milano had provided a credible explanation for why its owner could not fly down during that period, it does not absolve Milano—there is no apparent reason the company could not have arranged for someone else to appear on its behalf. Finally, the case that Milano relies on most heavily only confirms that Milano was not entitled to a postponement under these circumstances. *Scott v. Prudential*, 141 F.3d 1007, 1016 (11th Cir. 1998) (upholding an arbitral award where no continuance was granted because the absent party "had not advanced any compelling excuse for his absence").[2]

---

[1] Milano's owner states in a declaration that he did tell a union representative, in a phone call, about the reasons for his unavailability in April and that he would be available all of September. But the declaration does not provide a date for this phone call. So there is no evidence suggesting that the call happened before, rather than after, the hearing itself. More importantly, even if that phone call happened exactly as Milano's owner described and happened before the hearing, it would change none of this Order's analysis. There was still no attempt to seek a reasonable continuance and no reasonable justification provided for a need to postpone.

[2] The only other argument that Milano makes for vacating the arbitral award is that it was "fundamentally unfair," citing *Costco Wholesale Corp. v. International Brotherhood of Teamsters, Local No. 542*, 850 Fed. Appx. 467, 468 (9th Cir. 2021). The facts of that case are so

A court may award attorneys' fees to a prevailing party if the losing party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *International Union of Petroleum & Industrial Workers v. Western Industrial Maintenance, Inc.*, 707 F.2d 425, 428 (9th Cir. 1983) (citing *Alyeska Pipeline Service Co. v. Wilderness*, 421 U.S. 249, 258–59 (1975)). The record shows that Milano has been engaged in bad faith conduct in this case from the very beginning—from refusing to seriously attempt to schedule a hearing, to refusing to pay the award without justification and thus forcing the union to file this action to compel payment, to this baseless attempt to vacate the award. *See id.* at 428 (upholding an award of attorneys' fees where the company "refused" to pay the sum awarded "without justification"). The company and its owner have effectively thumbed their noses at the legal process from the start, and for that they must pay the union's fees.

Thus, summary judgment is granted to the union and the JCB's award is confirmed. The union is also entitled to attorneys' fees. The union should file documentation in support of attorneys' fees by March 21, 2024. Any objection to the amount requested or the support provided for that amount should be filed by March 25, 2024.

**IT IS SO ORDERED.**

Dated: March 11, 2024

VINCE CHHABRIA
United States District Judge

---

extreme as to provide no reasonable analogy in this context. And Milano's contention that the JCB refused to hear its evidence is incorrect—Milano failed to show up to present any evidence for the JCB to hear.